UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRETT TAYLOR,

          Petitioner,

v.                                Case Number: 2:14-CV-11110

PAUL KLEE,

          Respondent.
                                     /

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE AND
DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Brett Taylor filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, challenges his conviction for second-degree criminal sexual conduct. The court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the habeas corpus petition.

**I. BACKGROUND**

Petitioner pleaded no contest in Isabella County Circuit Court to second-degree criminal sexual conduct. On March 19, 2008, he was sentenced to one year 7 months to 15 years' imprisonment. Petitioner states in the petition that he did not appeal his conviction to the Michigan Court of Appeals or Michigan Supreme Court, but claims to have filed numerous letters and motions seeks copies of transcripts to which he has received no response. (Petition at 3-4, 12.)

Petitioner filed the pending petition on March 6, 2014. He raises these claims: (i) ineffective assistance of counsel; (ii) actual innocence; (iii) he suffers from a learning

disability and has been diagnosed with ADHD; and (iv) there was an unfair delay in charges being filed.

## II. DISCUSSION

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the state court of appeals and state supreme court before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The petitioner bears the burden of establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner admits that he has not exhausted his state court remedies.

2

The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this court. Otherwise, the court cannot apply the standard found at 28 U.S.C. § 2254. Furthermore, the state proceedings may result in the reversal of his conviction, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

Here, the court concludes that reasonable jurists would not debate the court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the court denies a certificate of appealability.

### IV.  CONCLUSION

3

The claims raised in the petition have not been fully exhausted in state court. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

      S/Robert H. Cleland                
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 21, 2014, by electronic and/or ordinary mail.

      S/Lisa Wagner                
Case Manager and Deputy Clerk
(313) 234-5522